UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LUIS FABELO PLASENCIA,

    Plaintiff,

v.

TONY CARNEVALE, DR., et al.,

    Defendants.

Civil No. 06-1426-AS

ORDER

HAGGERTY, Chief Judge:

In a Findings and Recommendation dated April 11, 2007 [44], Magistrate Judge Ashmanskas recommended granting a Motion to Dismiss [24] filed by defendant Patricia Burford, M.D., pursuant to Fed. R. Civ. P. 12(b)(6). The Findings and Recommendation concluded that all three of the claims that plaintiff made against Burford should be dismissed as

1 - ORDER

untimely. Plaintiff filed objections to the Findings and Recommendation and Burford filed a Response.

When a party objects to any portion of a Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Plaintiff's objections were filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendation, the objections, the Response, and the entire record. For the reasons below, the plaintiff's objections are overruled and the Findings and Recommendation is adopted.

## BACKGROUND

The presentation of the facts and issues in the Findings and Recommendation is comprehensive and the relevant facts need be recited only briefly. Plaintiff, an inmate at the Oregon State Penitentiary, brings this action *pro se*. Plaintiff claims civil rights violations under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701, *et. seq.*, naming more than twenty-five defendants. The instant action, involving Burford, centers around treatment plaintiff received for hyperthyroidism in 1999. In his Amended Complaint, plaintiff claims that "defendant [Burford] on Sept. 30 1999 misinformed and administered nuclear radiation without plaintiff's knowledge or consent." Am. Compl. ¶ 6. Plaintiff also alleges that Burford specifically "misinformed and forced [plaintiff] into nuclear radiation treatment" while also failing to obtain plaintiff's informed consent to such treatment. *Id.* at 6. Furthermore, plaintiff asserts that he had no knowledge that he was given

chemotherapy or nuclear radiation until a prison doctor informed him on November 20, 2004. Plaintiff does not contend that he was given treatment without his knowledge, but that he did not know and was not informed of the nature or risks of a pill that he was allegedly given that allegedly caused him injury.

## ANALYSIS

The Findings and Recommendation analyzed which statute of limitations applies to each of plaintiff's claims and determined that plaintiff's Section 1983, ADA, and Rehabilitation Act claims were time-barred by Oregon's applicable two-year statute of limitations. Findings and Recommendation at 4. Accordingly, the Findings and Recommendation concluded that Burford's Motion to Dismiss should be granted.

In reviewing a Motion to Dismiss under Rule 12(b)(6), all factual allegations are accepted as true and all reasonable inferences must be drawn in favor of the nonmoving party. *See Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295 (9th Cir. 1998*); Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

In addition, the court must "liberally contrue the 'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)). The rule of liberal construction is particularly important in civil rights cases. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (citing *Eldridge*, 832 F.2d at 1137). However, dismissal is proper where plaintiff's claims as pleaded do not support a claim for relief. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

As discussed in the Findings and Recommendation, the statute of limitations for actions brought under Section 1983, the ADA, and the Rehabilitation Act is determined by state law.

3 - ORDER

Findings and Recommendation at 3-4. Furthermore, Section 1983, ADA, and Rehabilitation Act actions are characterized as personal injury actions for statute of limitations purposes. *Id.* In Oregon, this period is two years. *Id.* Therefore, as discussed in the Findings and Recommendation, plaintiff's claims against Burford would be untimely if they accrued at the time the alleged injury occurred in 1999.

Plaintiff appears to assert that he did not become aware of the source of his alleged injury until November 20, 2004, and argues that his claim did not accrue until he discovered the injury. He concludes that because he filed suit on October 6, 2006, within two years of discovering the alleged injury, he is within the statute of limitations and his claim is not time-barred.

While the statute of limitations for Section 1983, ADA, and Rehabilitation Act claims is borrowed from analogous state law, federal law determines the time of accrual. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). Under federal law, such claims accrue upon discovery, "when the plaintiff knows, or should know, of the injury which is the basis of the cause of action." *Johnson v. California*, 207 F.3d 650, 653 (9th Cir. 2000) (citing *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996)). Under the injury discovery rule, "discovery of the injury, not discovery of the other elements of a claim, is what starts the clock." *Rotella v. Wood*, 528 U.S. 549, 555 (2000); s*ee also United States v. Kubrick*, 444 U.S. 111, 123 (1979) (holding that the limitations period begins when a plaintiff knows that he or she has been injured and knows or should know the cause of the injury; at that point, a plaintiff "can protect himself by seeking advice in the medical and legal community"). The claim accrues when a plaintiff has sufficient information to cause a reasonable person to make a further inquiry. *Duncan v. Oregon*, No. 05-1747-KI, 2007 WL 789433, *5 (D. Or. Mar. 14, 2007) (citing *T.R. v. Boy Scouts of Am.*,

4 - ORDER

133 P.3d 353, 356 (Or. App. 2006)). A plaintiff who knows he or she is injured and knows the cause of that injury, has such sufficient information. *Id.*

Here, plaintiff's Amended Complaint alleges that he did not know that Burford's treatment allegedly injured him until November 20, 2004. The Amended Complaint alleges several times that plaintiff had no knowledge of the cause of the injury when it occurred or immediately thereafter.

However, plaintiff's Amended Complaint and his objections indicate that plaintiff "should have known" about the injury or its cause before November 2004. Plaintiff's claims contradict each other with regard to experiencing the effects of the injury while not discovering it at that time. It appears that plaintiff acknowledges taking the medication that he alleges caused his injury. Additionally, he states that he has been experiencing the effects of the treatment since that time. At that point, he had enough information to cause a reasonable person to make a further inquiry. Thus, the allegations of plaintiff's Amended Complaint, taken as true, are not sufficient to establish that plaintiff's Section 1983, ADA, and Rehabilitation Act claims accrued in November 2004.

Even if plaintiff's claims were not time-barred, his Section 1983 claim would fail on other grounds. In order to prove a Section 1983 civil rights claim, plaintiff must demonstrate not just that Burford violated his civil rights, but that Burford acted "under color of state law." 42 U.S.C. §1983. Section 1983 does not allow for a claim to be brought against private parties who were not acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Villegas v. City of Gilroy*, 484 F.3d 1136, 1139 (9th Cir. 2007). A private party may be sued under Section 1983 only if sufficient facts are alleged to show that the conduct of the private

party is fairly attributable to the state and that there was an agreement between the state and the private party to deprive the plaintiff of his constitutional rights. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-37 (1982); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989). Plaintiff must allege sufficient facts to show that the private person willfully participated in a joint action with state officials to deprive the plaintiff of his or her constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1048 (9th Cir. 1989).

Liberally construed, plaintiff's Amended Complaint fails to establish that Burford acted under color of state law. The Ninth Circuit has consistently dismissed private hospitals, doctors, and attorneys in Section 1983 claims for failing to come within the color of state law. *See Briley v. California*, 564 F.2d 849, 855-56 (9th Cir. 1977) (private hospitals not acting under color of state law unless the state is significantly involved in the private party's activities); *Watkins v. Mercy Med. Center*, 520 F.2d 894, 896 (9th Cir. 1975) (private doctors normally do not come within the color of state law); *see also Polk County v. Dodson*, 454 U.S. 312, 319 n.9, 325 (1981) (private attorneys do not act under color of state law). Plaintiff fails to provide specific facts showing how Burford, a private doctor, working in private practice in a private hospital, acted under color of state law. Therefore, his Section 1983 claim would also be dismissed on those grounds.

///

///

///

///

///

6 - ORDER

## CONCLUSION

For the foregoing reasons, plaintiff's Objections [55] are OVERRULED and the Findings and Recommendation [44] is ADOPTED. The Motion to Dismiss [24] filed by defendant Burford is GRANTED.

IT IS SO ORDERED.

DATED this 24 day of July, 2007.

ANCER L. HAGGERTY
United States District Judge