FILED'08 APR 30 12:56USDC ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LUIS FABELO PLASENCIA,

    Plaintiff,

v.

DR. CARNEVALE, et al.,

    Defendants.

Civil No. 06-1426-AC

FINDINGS AND RECOMMENDATION

ACOSTA, Magistrate Judge:

*FINDINGS AND RECOMMENDATION*

    Luis Fabelo Plasencia, proceeding *pro se*, is currently incarcerated at the Oregon State Penitentiary. Before the court is Defendant Carnevale's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12 (b) (6) on the basis that Fabelo Plasencia's claims are time-barred. For the following reasons, Dr. Carnevale's motion should be GRANTED and Fabelo Plasencia's claims should be DISMISSED with prejudice.

## BACKGROUND

Fabelo Plasencia filed an Amended Complaint alleging that he was misinformed by Carnevale concerning chemotherapy shots and was not treated for a broken finger, while receiving medical treatment in the Washington County Jail. In September 1999, Fabelo Plasencia was referred by Carnevale, at the time a member of the Washington County Jail medical staff, to Dr. Patricia Buford for treatment of Fabelo Plasencia's Grave's disease. Fabelo Plasencia alleges Carnevale "misinformed" him concerning the chemotherapy shots he would receive from Buford, that Buford did not receive Fabelo Plasencia's consent for the procedure, and Carnevale failed to treat Fabelo Plasencia's broken middle finger. (Am. Compl. at 6.) Fabelo Plasencia alleges he was unaware until November 2004, that he had been given chemotherapy treatments and it was not until February 12, 2007, that he discovered it was the Carnevale who had recommended that he receive them. (Am. Compl. at 6.) Fabelo Plasencia alleges civil rights violations under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*

## LEGAL STANDARDS

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by, "showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). *See also Litchfield v. Spielberg*, 736 F.2d 1352, 1357 (9th Cir. 1984). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983).

In addition, the court must "liberally construe the 'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)). The rule of liberal construction is particularly important in civil rights cases. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (citing *Eldridge*, 832 F.2d at 1137). However, dismissal is proper where plaintiff's claims as pleaded do not support a claim for relief. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

## *DISCUSSION*

As a preliminary matter, the court notes that the ground for dismissal propounded by Carnevale's Rule 12(b)(6) motion that Fabelo Plasencia's claims, arising from the medical treatment he received from Carnevale, are time-barred, has previously been considered and ruled upon by this Court. *See Fabelo Plasencia v. Tony Carnevale, Dr., et al.*, No. 06-1426-AS (D. Or. July 24, 2007)(order adopting Judge Ashmanskas's Findings and Recommendation that Fabelo Plasencia's section 1983, ADA, and the Rehabilitation Act claims against Dr. Buford were time-barred). Fabelo Plasencia's claims here against Carnevale arise from events occurring during the same time period as the treatment decisions at issue in that prior motion.

The statute of limitations for actions arising under 42 U.S.C. § 1983 is determined by state law. *Wilson v. Garcia* 471 U.S. 261, 276 (1985); *Silva v. Crain* 169 F.3d 608, 610 (9th Cir. 1999). Section 1983 claims are characterized as personal injury actions for statute of limitations purposes. *City of Rancho Palos Verdes, Cal. v. Abrams* 544 U.S. 113, 123 n.5 (2005) (statute of limitations for a § 1983 claim is generally the applicable state-law period for personal-injury torts); *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003) ("The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is

the forum state's statute of limitations for personal injury actions."). In Oregon, the statute of limitations for personal injury actions is two years. O.R.S. 12.110(1); *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989). "The statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury." *De Anza Properties X, Ltd. v. County of Santa Cruz*, 936 F.2d 1084, 1086 (9th Cir. 1991).

Claims brought under the ADA are considered to be personal injury claims for determining the appropriate statute of limitations and, as such, are governed by state law. *See Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002)(court assumed, although did not decide, that California's one year personal injury limitation applied to ADA claims); *see also Soignier v. American Bd. of Plastic Surgery*, 92 F.3d 547, 551 (7th Cir. 1996) (finding that, as an action for "fundamental injury to the individual rights of a person," a claim under the ADA is best characterized for statute of limitations purposes as a claim for personal injury). A claim under the Rehabilitation Act is similarly characterized as a claim for personal injury and the statute of limitations for the Rehabilitation Act is determined by state law. *Douglas v. Cal. Dep't of Youth Authority*, 271 F.3d 812, 823 (9th Cir. 2001).

Carnevale's alleged "misinformation" occurred in September 1999, and led directly to the treatment which has, ever since it was administered, caused Fabelo Plasencia a great deal of pain. (Am. Compl. at 5-6.) Fabelo Plasencia acknowledged that he suffered pain almost from the beginning of the treatment he now challenges and, thus, he knew or had reason to know he had been injured by the treatment he received. Fabelo Plasencia also knew, or had reason to know, that Carnevale had recommended him to Buford for further treatment. Therefore, the statute of limitations began to run in September 1999. Fabelo Plasencia's original complaint was filed in

October 2006, more than seven years later, and is therefore barred by Oregon's two-year statute of limitations.

Fabelo Plasencia also was clearly aware of his broken finger when he visited Carnevale in September 1999, and should have been aware that it was not correctly treated when he was still unable to bend it after the treatment. The statute of limitations for this claim is two years and it began to run on the date of the examination. As mentioned above, the original complaint was filed in October 2006, more than seven years later, and this action is therefore barred by the two-year statute of limitations.

## *RECOMMENDATION*

Based on the foregoing, Carnevale's Motion to Dismiss (doc. # 91) should be GRANTED, and all claims against Carnevale should be DISMISSED with prejudice.

## *SCHEDULING ORDER*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due May 14, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 30 day of April, 2008.

John V. Acosta
United States Magistrate Judge