FILED'08 OCT 30 13:06 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LUIS FABELO-PLASENCIA, | CV. 06-1426-AC |
| Plaintiff, | SUPPLEMENTAL FINDINGS AND RECOMMENDATION |
| v. | |
| DR. TONY CARNEVALE, et al., | |
| Defendants. | |

ACOSTA, Magistrate Judge:

On August 14, 2008, this court entered a Findings and Recommendation addressing the motion to dismiss filed by Defendants Michael Duran, M.D.; John Vargo, D.O.; Marvin Fickle, M.D.; George Degner, M.D.; John Stoune, M.D.; Mark Menes, D.D.S.; William Gibson, D.D.S.; Mardy Quick, R.N.; Douglas Makey, R.N.; Genevieve Kula, R.N.; Lauren Ruland, R.N.; Catrina Husk, R.N.; Gail Bruning, R.N.; Calvin Hickey; David Haliczer, R.N.; Ted Randall, R.N.; Bradley Holt; Garrett Laney; Peggy Dean; Shawna Kissell-Eddy; and Ian Duncan, M.D. (collectively

"Defendants")[1] in which Defendants sought dismissal pursuant to Fed. R. Civ. P. 12(b) on the ground that Luis Fabelo Plasencia ("Plasencia")[2] failed to exhaust his administrative remedies The court recommended granting the motion with regard to all of the claims except one – the claim related to Plasencia's medical treatment on November 28, 2005, and November 29, 2005 – based on a copy of a corrected grievance dated December 8, 2005, filed by Plasencia with his response to Defendants' answer and affirmative defendants. Defendants did not include or address the corrected grievance in their motion to dismiss. This court found that there was no evidence in the record that Defendants ever received or processed the corrected grievance and that a genuine issue of material fact existed with regard to the whether Plasencia exhausted his administrative remedies relating to his medical treatment in late November 2005.

Defendants filed a motion for reconsideration. In support of their motion, Defendants offered the affidavit of Aaron Bales ("Bales"), Grievance Coordinator at Oregon State Penitentiary, in which Bales states that he never received or processed the corrected grievance. Bales explained that:

> If I had received plaintiff's Exhibit 26, I would have written a tracking number on it if it was processed or it would have a date stamp if I returned it to Inmate Fabelo. This grievance does contain neither a tracking number nor a date stamp. This grievance does not appear on my list of grievances received from Inmate Fabelo and

---

[1] Plasencia also named Dr. Tony Carnevale, Dr. Patricia Burford, S. Shomaker, and Washington County Deputy F. Martinez, and refers to a Nurse Judy in the body of his Amended Complaint. The court previously dismissed Dr. Carnevale, Dr. Burford and Deputy Martinez on statute of limitations grounds. It appears that Plasencia wrongly identified Lauren Ruland as Judy L. Ruland in the caption of his Amended Complaint. Lauren Ruland was served and is represented by counsel. Nurse Sharon Shomaker no longer works for the Department and was not located by defense counsel. Shomaker has not been served and has not filed an answer to the complaint or otherwise appeared in this action.

[2] In his amended complaint, the plaintiff refers to himself as "Luis Fabelo Plasencia." However, in the documents submitted to the court, the plaintiff is commonly referred to as "Luis Fabelo."

there is no copy of this grievance in my grievance file on Inmate Fabelo.

(Bales Supplemental Aff. ¶ 4.)

This court denied the motion for reconsideration finding that Defendants failed to qualify for any of the circumstances required for reconsideration. This court advised Defendants that it would treat the motion for reconsideration as a supplement to their motion to dismiss and set a deadline for Plasencia's response, which Plasencia has met.

After considering Bales's affidavit and the arguments made by both parties, this court finds that Defendants have met their burden to prove that Plasencia failed to exhaust his administrative remedies with regard to his medical treatment, or lack thereof, in late November 2005. The evidence offered by Defendant establishes that Bales never received the corrected grievance and Plasenica has not offered any evidence to refute this. Accordingly, Plasencia failed to exhaust his administrative remedies on all of his claims and his complaint should be dismissed in it entirety.

## *Conclusion*

Defendants' motion (#123) to dismiss should be GRANTED with regard to all claims[3] and Plasencia's motion (#52) for summary judgment should be DENIED.

## Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than **November 14, 2008**. If no objections are filed,

---

[3] Sharon Shomaker has not been served and is not a party to the motion to dismiss filed by Defendants. However, Shomaker was employed by the Department during the relevant period and is in a position similar to that of the Defendants. A finding that Plasencia has failed to exhaust his administrative remedies is equally applicable to Plasencia's claims against Shomaker and supports the sua sponte dismissal of the claims against her at this time as well. *See Regan v. Frank*, Civ. No. 06-00066 JMS-LEK, 2007 WL 106537 at *4 (Jan. 9, 2007)("Sua sponte dismissal is appropriate, however, when it is clear from the face of the complaint that a prisoner had failed to exhaust available prison administrative remedies").

review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 30th day of October, 2008.

                                                             /s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge