IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**LOUIS FABELO-PLASENCIA**,

    Plaintiff,

v.

**DR. TONY CARNEVALE, et al.**,

    Defendants.

No. CV 06-1426-AC

OPINION AND ORDER

**MOSMAN, J.**,

On January 28, 2010, Magistrate Judge Acosta issued Findings and Recommendation ("F&R") (#210) in the above-captioned case recommending that I grant defendants' Motion for Summary Judgment (#198) and deny plaintiff Louis Fabelo Plasencia's Motion for Summary Judgment (#52) and his Motion to Withdraw Motion for Summary Judgment (#203). Mr. Plasencia filed objections to the F&R, along with a motion requesting that I appoint him pro bono counsel under 28 U.S.C § 1915(e)(1) (#215). Defendants responded to Mr. Plasencia's objections (#216).

## DISCUSSION

### I.   Judge Acosta's Findings and Recommendation

#### A.   *Standard of Review*

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but

PAGE 1 - OPINION AND ORDER

retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

    **B.**    *Conclusion*

Upon review, I agree with Judge Acosta's analysis and his conclusion that there is no issue of material fact regarding whether Mr. Plasencia's medical treatment violated the Eighth Amendment. Mr. Plasencia's objections reiterate his argument that defendants' failure to consider his medical history of "irradiation" and Graves' disease amounts to deliberate indifference of his serious medical needs. (*See* Objections (#215) 2-3.) As Judge Acosta noted, the record is devoid of any evidence suggesting that defendants acted with deliberate indifference. Rather, the record shows that Mr. Plasencia was tested, monitored, examined, and then released when his vital signs returned to normal. (F&R (#210) 10; Degner Aff. (#198) Ex. 101.) Furthermore, the record does not show that Mr. Plasencia suffers from a serious medical need. (F&R (#210) 11; Degner Aff. (#198) Ex. 101, ¶ 17); *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) ("A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the

unnecessary and wanton infliction of pain.") (quotation omitted).

Accordingly, I adopt Judge Acosta's F&R (#210) as my own opinion. Defendants' Motion for Summary Judgment (#198) is GRANTED. Mr. Plasencia's Motion for Summary Judgment (#52) and Motion to Withdraw Motion for Summary Judgment (#203) are DENIED.

## II.     Mr. Plasencia's Motion to Appoint Counsel

Although Mr. Plasencia has no constitutional right to counsel in a civil action brought under 28 U.S.C. § 1983, *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981), "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A litigant's application for court-appointed counsel under section 1915(e)(1) will be "granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)). A finding of exceptional circumstances "requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." *Id.* (internal quotation and citation omitted).

In light of Judge Acosta's analysis of the merits of Mr. Plasencia's relatively straight-forward claim, I do not find that exceptional circumstances warrant appointing counsel in this case. Mr. Plasencia has been able to articulate his factual allegations and legal arguments, and the Court has accommodated Mr. Plasencia's procedural disadvantages on several occasions. (*See, e.g.*, Op. & Order (#171) (allowing Mr. Plasencia additional time to object to a supplemental F&R and choosing to reconsider the F&R in light of Mr. Plasencia's pro se status).)

PAGE 3 - OPINION AND ORDER

Therefore, I DENY Mr. Plasencia's Motion Requesting Volunteer Counsel/Pro Bono Review (#215).

IT IS SO ORDERED.

DATED this  18th  day of March, 2010.

                                                /s/ Michael W. Mosman
                                                MICHAEL W. MOSMAN
                                                United States District Court